**EFiled: Mar 05 2018 04:15PM EST**
**Transaction ID 61758032**
**Case No. N17C-10-300 VLM**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DEBT COLLECTION SERVICES, LLC,　)
a Delaware limited liability company　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　C.A. No. N17C-10-300 VLM
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
CHARLES E. OWENSBY, and,　　　　)
LOREWOOD GROVE INVESTMENTS　)
COMPANY, a Delaware Corporation, and　)
CANAL VIEW INVESTMENTS　　　　)
COMPANY, a Delaware Corporation　　)
　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　　　)

Submitted: March 2, 2018
Decided: March 5, 2018

### COMMISSIONER'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR A CHARGING ORDER

**MANNING**, Commissioner:

**EFiled: Mar 05 2018 04:15PM EST**
**Transaction ID 61758032**
**Case No. N17C-10-300 VLM**

(1) Before the Court is Plaintiff's Motion for a Charging Order against defenda[nt] Canal View Investments Company (hereinafter "Canal View"). A hearing was held on March 2, 2018. Canal View filed no opposition to Plaintiff's Motion, nor did Canal View appear at the motion hearing to voice any objection after being served notice of the date and time of the hearing.

(2) Judgment by default was entered against Canal View on January 24, 2018, in the amount of $94,422.60.

(3) At the hearing, I declined to grant the motion for the charging order in light of Judge Brady's recent decision in *Hanna v. Baier*, 2017 WL 6507187 (Del. Super. December 19, 2017). In *Hanna*, Judge Brady held that the "proper jurisdiction to hear any matters relating to orders charging a member's interest in a limited liability company is exclusively in the Court of Chancery. The Court finds that the language, which is clear and unambiguous, includes not only execution on the Charging Order, but also proceedings in aid of execution." *Id* at *2. Thus, per Judge Brady's controlling decision, I was without authority to grant the motion to issue the charging order.

(4) However, respectfully, I believe that Judge Brady's decision is incorrect. I believe that the proper reading of the 2005 amendment to Title 6 *Del. C.* § 18–703(f), is that it granted *concurrent* jurisdiction to the Court of Chancery and the Superior Court to hear and decide all matters relating to charging orders.

1

EFiled: Mar 05 2018 04:15PM EST
Transaction ID 61758032
Case No. N17C-10-300 VLM

(5) To this point, the Court should adopt the well-reasoned Report a Recommendation recently issued by Commissioner Mayer in *Bridev One, LLC, v. Regency Centers, L.P.*, 2018 WL 824976 (Del. Super. February 9, 2018), that more thoroughly analyzes this issue and reaches the same conclusion.[1]

(6) Based on the forgoing, Plaintiff's Motion for a Charging Order should be GRANTED.

**IT IS SO RECOMMENDED.**

Bradley V. Manning,
Commissioner

oc: Prothonotary
cc: Petitioner via first class mail

---

[1] Comm. Mayer's Report and Recommendation is presently pending before Judge Street.

2